# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARC ALLEN KILMER,**

    **Plaintiff,**

**v.**                                                          **CIVIL ACTION NO. 3:12cv55**
                                                                      **(Judge Groh)**

**CHRIS McCULLEY, Deputy,**
**PERRY S. LAYNE, Deputy,**
**GREGORY JENKINS,**
**THE HONORABLE CHRISTOPHER WILKES, Judge,**
**GREGORY JONES, Prosecutor**

    **Defendant.**

## REPORT AND RECOMMENDATION

On June 11, 2012, the plaintiff, who is a state prisoner, filed a complaint pursuant to 42 U.S.C. §1983. On June 12, the plaintiff was sent a Notice of Deficient Pleading. On July 25, 2012, the Notice of Deficient Pleading was re-mailed to the plaintiff at his new place of incarceration. On August 9, 2012, the plaintiff complied with the Notice of Deficient Pleading and subsequently an order was entered granting the plaintiff's Application to Proceed Without Prepayment of Costs. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C. §1915(e)

## I. THE COMPLAINT

The plaintiff, who is currently incarcerated at the Slayton Work Camp[1], which is part of the

---

[1] According to the Division of Corrections website, the plaintiff was was sentenced in Berkeley County, West Virginia on August 8, 2011 in Criminal Action No. 09-F-185 and on January 23, 2012 in Criminal Action No. 11-F-256. It appears that said sentences stemmed from two separate convictions for Driving While License Suspended or Revoked, Driving While License

Mount Olive Correctional Center, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. In his complaint, the plaintiff alleges that Chris McCulley and Perry S. Layne are deputies with the Berkeley County Sheriff's Department. The plaintiff alleges that both deputies are guilty of police brutality and use of excessive force. The plaintiff further alleges that defendant McCulley violated his "Double Jeopardy Rights," stalked, harassed, humiliated and embarrassed him in the community and defamed his character.

With respect to Gregory Jenkins, the plaintiff alleges that he crossed the middle lane of the highway and hit his car. The plaintiff maintains that once Mr. Jenkins found out that the plaintiff's driver's license was expired, "Mr. Jenkins then turned everything around on the plaintiff to have things go in Jenkins' favor, so Mr. Mr. Jenkins did so to turn it around so he Mr. Jenkins would be compensated for his wrongful actions applied to the plaintiff and by doing so he committed fraud." (Doc. 1, p. 11). The plaintiff further alleges that Mr. Jenkins received $2,100 in restitution, and in so doing, he committed perjury, gave false statements, committed insurance fraud, took money under false pretenses, and slandered the plaintiff.

With respect to Judge Christopher Wilkes, the plaintiff alleges that he was biased and prejudiced against him. He further alleges that Judge Wiles discriminated against him and slandered him in open court. The plaintiff also alleges that Judge Wilkes subjected the plaintiff to false imprisonment and cruel and unusual punishment.

Finally, the plaintiff alleges that Gregory Jones subjected him to malicious and wrongful prosecution. He further alleges that Mr. Jones discriminated against him and defamed his character.

---

Revoked for Driving Under the Influence of Alcohol. The plaintiff's projected release date is January 29, 2013.

The plaintiff also alleges that Mr. Jones subjected him to an excessive and illegal sentence and threatened and intimidated the plaintiff into taking an involuntary plea bargain.

For relief, the plaintiff seeks reasonable compensation from all parties in the form of compensatory and punitive damages. In addition, the plaintiff seeks restoration of his operator's license.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). As discussed more fully below, the majority of the plaintiff's claims should be dismissed because they have no chance for success because the defendants are immune from suit, are not subject to suit under § 1983, or the claim is barred. However, the plaintiff has stated a viable claim against Deputy Perry S. Layne, and that portion of the complaint

3

should proceed.

### III. ANALYSIS

**A. Christopher Wilkes, Judge**

Judges who are sued under 42 U.S.C. §1983 are absolutely immune from individual liability in exercising their judicial jurisdiction. Pierson v. Ray, 386 U.S. 547 (1967). "Judicial immunity is immunity from suit, not just the ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9,11 (1991). There are two exceptions to the absolute judicial immunity rule - if a judge acts without jurisdiction or has not acted in a judicial manner. Forrester v. White, 484 U.S. 219 (1988); Stump v. Sparkman, 435 U.S. 349, 356 (1978), *rehearing denied,* 436 U.S. 951 (1978). The plaintiff has failed to set forth sufficient facts to demonstrate that Judge Wilkes acted without jurisdiction or did not act in a judicial manner. Thus, Judge Wilkes is entitled to immunity and the undersigned recommends that the suit against Judge Wilkes be dismissed.

**B. Gregory Jones, Prosecutor**

Prosecuting attorneys, who are sued under 42 U.S.C. § 1983, are absolutely immune from individual liability when performing prosecutorial functions. Imbler v. Pachtman, 424 U.S. 409 (1976); Ostrrzenski v. Seigel, 177 F.w3d 245 (4th Cir. 1999). For instance, prosecutors are entitled to absolute immunity when seeking extradition of a defendant, Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000), or deciding to prosecute an arrestee. Watkins v. Arnold, 214 F.3d 535 (4th Cir. 2000). Furthermore, a prosecuting attorney has absolute immunity "for initiating a prosecution and in presenting the State's case," Imbler, at 431, including preparing and filing charging documents. Kadina v. Fletcher, 522 U.S. 118, 129 (1997).

There is an exception to the absolute prosecutorial immunity rule, however, if the prosecuting attorney acts in the role of administrator or investigative officer, rather than as a prosecutor. Imbler, 424 U.S. at 430. Thus, when a court determines whether a prosecuting attorney is entitled to absolute immunity, it must examine the type of activity performed, not the identity of the individual who performed it. Forrester v. White, 484 U.S. 219, 229 (1988).

In the instant case, the plaintiff alleges Jones subjected him to malicious and wrongful prosecution, subjected him to an excessive and illegal sentence and threatened and intimidated him into taking an involuntary plea bargain. Clearly the defendant was performing prosecutorial functions when these alleged wrongdoings occurred. Consequently, the defendant is entitled to absolute immunity concerning his actions involving the plaintiff.

## C. Gregory Jenkins

42 U.S.C. §1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Randall-Baker v. John, 547 U.S. 830, 838 (1982).

In the instant case, it is clear that Gregory Jenkins is a private citizen who was involved in a car accident with the plaintiff. Accordingly, he could not have been acting under color or state law, and is therefore, not a proper defendant in a § 1983 action.

**D. Deputies Chris McCulley and Perry Layne**

As noted above, the plaintiff makes numerous allegations regarding deputies McCulley and Layne. With respect to Deputy McCulley, it appears that many of the allegations center on his investigation and arrest of the plaintiff which appears to have ultimately resulted in his being charged with two incidents of driving with a suspended license. However, in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court of the United States found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck at 487 (footnote omitted). Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

Upon review of the complaint, it is clear that a decision favorable to the plaintiff with respect to his claims against deputy McCulley surrounding the investigation, arrest and prosecution of the criminal charges against him "would necessarily imply the invalidity of his conviction or sentence"[2] and that the plaintiff has failed to make a showing that his conviction or sentence has

---

[2] Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003) (citing Heck at 487).

been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, the plaintiff has no chance of success on the merits and these claims against Deputy McCulley are frivolous. Moreover, the plaintiff's allegation that Deputy McCulley "pulled [him] out of the vehicle" (Doc. 1, p. 9) is insufficient to state a claim of excessive force.

However, with respect to Deputy Layne, the plaintiff alleges that he beat him and caused him physical and bodily injury which resulted in his being hospitalized. More specifically, the plaintiff alleges that Deputy Layne pushed him into a tree, causing him to require stitches in his jaw. He further alleges that Deputy Layne put his foot on the back of his neck and forced him under water causing a ruptured disc and vertebrae in his neck. In summary, the plaintiff makes an allegation of excessive force which is sufficient to survive initial review, and Deputy Layne should be served with a copy of the complaint.

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the complaint (Doc. 1) be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915A and 1915(e) for failure to state a claim upon which relief can be granted as it relates to Christopher Wilkes, Judge; Gregory Jones, Prosecutor; Gregory Jenkins; and Deputy Chris McCulley. However, the undersigned further recommends that Perry Layne be served with a twenty-one (21) days summons.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the

Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. <u>See</u> 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk of Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 29, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE