# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARC ALLEN KILMER,**

    **Plaintiff,**

v.                                                         **Civil Action No. 3:12cv55**
                                                                          **(Judge Groh)**

**PERRY S. LAYNE, Deputy**

    **Defendant.**

## REPORT AND RECOMMENDATION

### I. Procedural History

On June 11, 2012, the plaintiff, who is a West Virginia state inmate, filed a complaint pursuant to 42 U.S.C. § 1983, naming as defendants Chris McCulley, Perry Layne, Gregory Jenkins, Christopher Wilkes and Gregory Jones. On August 29, 2012, the undersigned conducted a preliminary review of this matter and issued a Report and Recommendation which recommended the complaint be dismissed with prejudice for failure to state a claim upon which relief could be granted against Christopher Wilkes, Judge; Gregory Jones, Prosecutor; Gregory Jenkins; and Chris McCulley, Deputy. However, the undersigned further recommended that Perry Layne be served with a twenty-one day summons. On September 27, 2012, the Report and Recommendation was adopted, and on October 1, 2012, a summons was issued for Perry Layne. On November 19, 2012, defendant Layne filed an answer to the complaint and a Motion for Summary Judgment. On December 5, 2012, defendant Layne filed a Supplemental Motion for Summary Judgment. On December 18, 2012, the plaintiff was issued a Roseboro Notice. To date, the plaintiff has not filed a response. Accordingly this matter is before the

undersigned for a Report and Recommendation.

## II. The Pleadings

### A. The Complaint

In his complaint, the plaintiff alleges that defendant Layne, who is a member of the Berkley County Sheriff's Department, used police brutality by beating him physically which caused him bodily injury which required hospitalization. More specifically, the plaintiff alleges that defendant Layne beat him repeatedly, pushed his head under water nearly drowning him, pushed him into a tree resulting in a hole in his jaw that required stitches. The plaintiff further alleges that defendant Layne put his foot on the back of his neck, causing a ruptured disc and vertebrae in his neck which resulted in his being hospitalized. The plaintiff maintains that he has resulting nerve damage and many other future health problems and future medical expenses.

### B. The Defendant's Motion for Summary Judgment

In support of his Motion for Summary Judgment, the defendant asserts that the statute of limitations bars the plaintiff's claim. In his Supplemental Motion for Summary Judgment, the defendant notes that the plaintiff filed an identical complaint against the same defendants in the Circuit Court of Berkley County. The defendant has attached a November 26, 2012, order from Judge Gray Silver, III dismissing the plaintiff claims against him with prejudice for failure to comply with the statute of limitations. (Doc. 32-2). The defendant, therefore, maintains that the pending complaint must be dismissed under the doctrine of the law of the case and collateral estoppel.

## III. Standard of Review

### A. Motion for Summary Judgment

A grant of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. *Miller v. Fed. Deposit Ins. Corp.*, 906 F.2d 972, 974 (4th Cir. 1990). In applying the standard for summary judgment, a court must review all the evidence "in the light most favorable to the nonmoving party." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In *Celotex*, the Supreme Court held that the moving party bears the initial burden of informing the court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. *Celotex*, 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. *Id.* This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. *Id.* at 248. To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. *Anderson*, 477 U.S. at 248. Summary

judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita*, 475 U.S. at 587 (citation omitted).

## IV. Analysis

There is no federal statute of limitations for a § 1983 action, and the appropriate state statute applies. Burnett v. Gratten, 468 U.S. 42 (1984). The state statute governing personal injuries is applied to all § 1983 claims. Wilson v. Garcia, 471 U.S. 261 (1985). The state of West Virginia has a two-year statute of limitations for personal injury actions. W.Va. Code § 55-2-12(b).

In his complaint, the plaintiff sets forth no specific date as to when defendant Layne allegedly applied excessive force. However attached to his Motion for Summary Judgment, is an affidavit from defendant Layne which indicates that he arrested the plaintiff on February 21, 2009. Moreover, the affidavit avers that defendant Layne had no further contact with the plaintiff after February 21, 2009. The plaintiff did not file his complaint until June 11, 2012, more than three years after defendant Layne's last contact with him. Therefore, the plaintiff did not file this action within two years of the alleged tortuous conduct, and the action is not timely. Because the plaintiff has not responded to the Motion for Summary Judgment, there are clearly no genuine issues for trial, and this matter should be dismissed. Moreover, inasmuch as it is undisputed that the plaintiff filed his complaint beyond the statute of limitations, the Court need not address the defendant's supplemental Motion for Summary Judgment under the doctrine of law of the case or the doctrine of collateral estoppel.

## V. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the defendant's Motion for Summary Judgment (Doc. 29) be **GRANTED**; the defendant's Supplemental Motion for Summary Judgment (Doc. 32) be **DISMISSED AS MOOT,** and this case be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. In addition, the clerk is directed to send a copy to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: March 13, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE